MICHAEL J. McCUE (NV Bar No. 6055)
MMcCue@LRRLaw.com
JONATHAN W. FOUNTAIN (NV Bar No. 10351)
JFountain@LRRLaw.com
MENG ZHONG (NV Bar No. 12145)
MZhong@LRRLaw.com
LEWIS ROCA ROTHGERBER LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169
Tel: (702) 949-8200
Fax: (702) 949-8398

*Attorneys for Plaintiff*
*Rock Vault Tours, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Rock Vault Tours, Inc., a Delaware corporation,<br><br>  Plaintiff,<br>v.<br><br>John Payne, an individual,<br><br>  Defendant. | Case No.:   2:15-cv-01863-JCM-GWF<br><br>**ROCK VAULT TOURS, INC.'S SURREPLY IN OPPOSITION TO JOHN PAYNE'S MOTION TO DISMISS** |

Plaintiff Rock Vault Tours, Inc. ("Rock Vault" or "Plaintiff") hereby submits this surreply in opposition to Defendant John Payne's ("Payne" or "Defendant") Motion To Dismiss For Lack Of Standing And Pursuant To FRCP 12(B)(6), Or In The Alternative, Motion For Summary Judgment, and in response to Payne's Reply in support thereof.  (Doc. Nos. 9 and 19.)

## ARGUMENT

### I.  A Co-Owner of Copyrights Can Assign His Ownership Interests Without The Consent Of Other Co-Owners

In Payne's Reply in support of the Motion to Dismiss, Payne argues that a co-owner of a copyright, absent consent from all other owners, may only grant a non-exclusive license to a copyright.  (Reply at 6:18-21.)    Payne argues that he and David Kershenbaum co-owned the

-1-

7082487_1

1  copyright to Raiding the Rock Vault's script and format, and Mr. Kershenbaum never consented
2  to Payne's assignment of Payne's copyrights to Rock Vault.  Accordingly, Payne claims that
3  Rock Vault only received a non-exclusive license, and a non-exclusive licensee lacks standing to
4  bring a copyright infringement claim and, therefore, lacks standing.  In support of this argument,
5  Payne relies on *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1146 (9th Cir. 2008) and
6  cites the following passage from that case:

> Thus, unless all the other co-owners of the copyright joined in granting an exclusive right to Sybersound, TVT, acting solely as a co-owner of the copyright, could grant only a nonexclusive license to Sybersound because TVT may not limit the other co-owners' independent rights to exploit the copyright. *See Oddo v. Ries*, 743 F.2d 630, 633 (9th Cir.1984).  Sybersound does not allege that it has received the consent of the other co-owners to become the exclusive licensee for the karaoke-use interest.

(Reply at 5:1-9.)

Payne's argument ignores binding precedent from the Ninth Circuit that expressly limits the holding in *Sybersound*.  As explained in *Corbello v. DeVito*, 777 F.3d 1058 (9th Cir. 2015), *Sybersound* does not stand for the proposition that a co-owner may only assign his ownership rights with consent of the other owners:

> Appellees argue that our precedent, *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137 (9th Cir. 2008), prohibits a co-owner of a copyright, such as DeVito, from transferring that right without permission from his co-owner, in this instance, Corbello.  But that argument stretches *Sybersound's* holding too far.

*Corbello*, 777 F.3d at 1064.

The *Corbello* court explained that copyright law specifically states that "[t]he ownership of a copyright may be transferred in whole or in part by any means of conveyance or by operation of law[.]"  *Id.* at 1064 (citing 17 U.S.C. § 201(d)(1).)   "In short, we made clear prior to *Sybersound* that copyrights are divisible and that a copyright owner can freely transfer any portion of his ownership interests in that copyright; after all, the plain language of § 201(d) commands as much."  *Id.* at 1065.  *Sybersound*, on the other hand, merely stands for the proposition that a co-owner cannot grant an ***exclusive*** license to copyrights without the consent

-2-

1  of all co-owners as it would effectively limit the rights of the other co-owners because the grant
2  of an ***exclusive*** license to a third party would prevent co-owners from exploiting the work.
3  *Corbello*, 777 F.3d at 1065.

4  In this case, Payne did not grant Rock Vault a license, so his argument regarding
5  exclusive versus non-exclusive licenses is completely inapposite.  Payne assigned the entirety of
6  his co-ownership interest in the Raiding the Rock Vault copyrights to Rock Vault.  (*See* Payne
7  Decl. ¶ 7, Doc. No. 9-1) ("I . . . assigned any right, title, and interest that I possessed or may
8  possess to the Show").  As copyright law allows and *Corbello* explains, that assignment is
9  perfectly valid to render Rock Vault the co-owner of those copyrights.  And, as a co-owner of
10 copyrights (not a licensee, exclusive or otherwise), Rock Vault indisputably has standing to bring
11 a copyright infringement claim.  *See Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, 795 F.3d
12 997, 1003 (9th Cir. 2015) ("It is established law under the 1976 [Copyright] Act that any party to
13 whom such a right has been transferred—whether via an assignment or an exclusive license—
14 has standing to bring an infringement action based on that right") (emphasis added).

15 Dated: December 17, 2015        Respectfully submitted,

16                                 LEWIS ROCA ROTHGERBER LLP

18                                 By:   /s/ Jonathan W. Fountain
                                   Michael J. McCue (Nevada Bar #6055)
19                                 MMcCue@LRRLaw.com
                                   Jonathan W. Fountain (Nevada Bar #10351)
20                                 JFountain@LRRLaw.com
                                   Meng Zhong (Nevada Bar #12145)
21                                 MZhong@LRRLaw.com
                                   3993 Howard Hughes Parkway, Suite 600
22                                 Las Vegas, Nevada 89169
                                   Telephone: (702) 949-8200
23                                 Facsimile: (702) 949-8398

25                                 *Attorneys for Plaintiff*
                                   *Rock Vault Tours, Inc.*

-3-

7082487_1

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2015, I caused a true and accurate copy of the foregoing document entitled, **ROCK VAULT TOURS, INC.'S SURREPLY IN OPPOSITION TO JOHN PAYNE'S MOTION TO DISMISS**, to be filed with the Clerk of the Court using the Court's CM/ECF system, which will send electronic notice of the same to the following CM/ECF participants:

> Kimberly P. Stein
> kstein@nevadafirm.com
> Sarah T. Bassett
> sbassett@nevadafirm.com
> HOLLEY DRIGGS WALCH
> FINE WRAY PUZEY & THOMPSON
> 400 South Fourth Street, Third Floor
> Las Vegas, NV 89101

Dated: this 17th day of December, 2015.

/s/ Jonathan W. Fountain
An employee of Lewis Roca Rothgerber

-4-

7082487_1